UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR C. MILLER, *et al*. | ) | CASE NO. |
| | ) | |
| Plaintiffs, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **NOTICE OF REMOVAL** |
| HUNTINGTON NATIONAL BANK, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

To: The Honorable Judges of the United States District Court, Northern District of Ohio:

Defendant Huntington National Bank ("HNB") removes this case from the Court of Common Pleas for Summit County, Ohio to the United States District Court for the Northern District of Ohio. Removal is based on 28 U.S.C. §§ 1332, 1441, and 1453 and the following:

**PRIOR FEDERAL COURT ACTIONS**

1. This case arises out of the same transaction and occurrence as two prior class actions brought in the United States District Court, Northern District of Ohio, *Metz v. Unizan Bank*, No. 5:05-CV-1510 (Nugent, J.), and *Loyd v. Huntington Nat'l Bank*, No. 1: 08-CV-2301 (Nugent, J.). As does this case, *Metz* and *Loyd* both arose out of James Carpenter's 1998-1999 sales of promissory notes issued by Serengeti Diamonds USA, Inc. and Lomas de la Barra Development Corp.

2. Daniel G. Morris, counsel for Plaintiffs in this case, represented two interveners in *Metz* and all of the Plaintiffs in *Loyd*.

3. On August 19, 2011, the United States Court of Appeals for the Sixth Circuit held that all of the statutory and common law claims asserted in *Metz, Loyd* and a related case were barred by the applicable statutes of limitations.

4. This case is an improper attempt to re-litigate claims that have already been held by the Sixth Circuit to be time-barred.

## THE NEW STATE COURT ACTION

5. On March 26, 2012, Plaintiffs filed a "Proposed Class Action Complaint" (the "Original Complaint") in the Court of Common Pleas for Summit County, Ohio. The case was assigned Case No. 2012 03 1727.

6. Plaintiffs filed a purported "Amended Class Action Complaint" (the "Amended Complaint") on April 11, 2012.

7. The Amended Complaint asserts claims against a number of named banks, including HNB, and some additional "John Doe" banks (collectively, the "Defendants").

8. A Summons and the Original Complaint were served on HNB by certified mail on March 30, 2012. Copies of the Summons, the certified mail receipt showing service on HNB, and the Original Complaint are attached as Exhibit A. A second Summons and the Amended Complaint were served on HNB on April 16, 2012. Copies of the second Summons, the certified mail receipt showing service on HNB, and the Amended Complaint are attached as Exhibit B. To the best of HNB's knowledge and belief, these documents constitute all of the process, pleadings and orders served on HNB as of this date. *See* 28 U.S.C. § 1446(a).

9. The facts and allegations in this Notice of Removal are derived from the Amended Complaint. HNB does not concede the truth or accuracy of any of the factual allegations contained in the Amended Complaint, and expressly reserves all rights, defenses and motions otherwise available to it.

10. The claims in the Amended Complaint arise out of James P. Carpenter, III's 1998-1999 sales of promissory notes allegedly fraudulently issued by two Florida entities, Serengeti Diamonds USA, Inc. ("Serengeti") and Lomas de la Barra Development ("Lomas"). Am. Compl. ¶¶ 1-3.) The Defendants are all financial institutions.

11. Plaintiffs' Amended Complaint asserts three causes of action: (i) conversion of an instrument in violation of R.C. § 1303.60 (Count I); (ii) aiding and abetting Carpenter's tortious conduct (Count II); and (iii) improperly paying an instrument/debiting an account in violation of R.C. § 1303.30 (Count III).

12. Plaintiffs purport to bring this case as a class action on behalf of the following:

> All individuals who, during the time period between and including 1997 and 1999 purchased promissory notes in either Lomas De La Barra Development, Corporation, Inc. and or [sic] Serengeti Diamonds U.S.A., Inc., and who were then injured when their checks were converted by the Defendant banks Huntington, Fifth Third, Wachovia and SunTrust and improperly and wrongfully deposited into bank accounts opened, operated and/or maintained by these defendant depositary banks, 100% controlled by Carpenter, his agents, employees and or [sic] *alter ego* corporations.

(Am. Compl. ¶ 28) (italics in original). Plaintiffs allege that the proposed class is "believed to number in excess of two hundred fifty (250) individuals." (Am. Compl. ¶ 11.)

13. Plaintiffs allege that 250-plus named plaintiffs and putative class members "have collectively lost more than fifteen million dollars ($15,000,000) in the Lomas and Serengeti frauds."  (Am. Compl. ¶ 49.)  Plaintiffs further allege that "[n]o Plaintiff was defrauded of less than $10,000.00.  Some lost in excess of $100,000.00.  Several lost in excess of $300,000.00.  One couple lost more than $500,000.00." (Am. Compl. ¶ 11.)

3

14. Plaintiffs' requested remedies include a monetary judgment for "the face amount of all checks belonging to the Plaintiffs" that were improperly converted, negotiated or paid by the Defendant Banks (Am. Compl. at p. 49.) Plaintiffs also seek "consequential damages, punitive damages, attorney's fees, pre and/or post judgment interest [sic]." (*Id.*)

## DIVERSITY JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005

15. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1453, which provide that any civil action in which the United States District Courts have original jurisdiction may be removed by a defendant.

16. The United States District Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) because: (i) the case has been brought as a purported plaintiff class action and the purported class includes more than 100 class members; (ii) at least one member of the purported class is a citizen of a state different from any defendant; and (iii) the amount in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs. *See* 28 U.S.C. §1332(d)(2).

17. Section 1332(d)(2), which is part of the Class Action Fairness Act of 2005 ("CAFA"), was intended to "expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed." S. Rep. 109-14, at 43 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 41; *see* H. Rep. 108-144, at 36-37 (2005).

18. This Court had jurisdiction under CAFA over the two prior identical class actions, *Metz* and *Loyd*.

**The Class Action and Minimal Diversity Requirements Are Satisfied.**

19.     It is undisputed that Plaintiffs purport to bring this matter as a class action on behalf of more than 250 Plaintiffs. (*See* Am. Compl. ¶ 11.)  CAFA's class action numerosity requirement is thus satisfied.

20.     Named Plaintiffs Claude D. and Doneva G. Cole are alleged to be citizens of Indiana. (Am. Compl. ¶ 17.)

21.     Defendant Fifth Third Bank ("Fifth Third") is alleged to be headquartered and incorporated in Ohio.  (Am. Compl. ¶ 22.)  The Amended Complaint also alleges that Fifth Third "conducts business in Ohio on a regular basis." (*Id.*)  Fifth Third is thus a citizen of Ohio. *See* 28 U.S.C. § 1332 (c)(1).

22.     CAFA permits removal based on minimal diversity, so long as "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

23.     For purposes of diversity jurisdiction, Plaintiffs Claude D. and Doneva G. Cole are citizens of Indiana and Defendant Fifth Third is a citizen of Ohio.  Therefore, CAFA's minimal diversity jurisdiction requirement is satisfied.

**The Amount In Controversy Exceeds $5,000,000.**

24.     Original jurisdiction over a putative class action with minimal diversity exists, pursuant to CAFA, where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

25.     HNB does not concede that a class can be certified, that it violated any laws, or engaged in any illegal practice, or that it owes damages to anyone.

26. Although Plaintiffs' prayer for relief does not specify all of the damages they seek, Plaintiffs have placed into controversy an amount that exceeds $5,000,000. It is evident from the face of the Amended Complaint that the amount in controversy exceeds $5,000,000, based upon: (i) the causes of action in Plaintiffs' Amended Complaint; (ii) the size of Plaintiffs' defined class according to Plaintiffs' own allegations; and (iii) the relief sought on behalf of Plaintiffs and the class they seek to represent.

27. Plaintiffs allege that the putative class includes "a class of individuals believed to number in excess of two hundred fifty (250) individuals." (Am. Compl. ¶ 11.)

28. According to the Amended Complaint, the putative class members "have collectively lost more than fifteen million dollars ($15,000,000.00) in the Lomas and Serengeti frauds." (Am. Compl. ¶ 49.) Plaintiffs further allege that "[n]o Plaintiff was defrauded of less than $10,000.00. Some lost in excess of $100,000.00. Several lost in excess of $300,000.00. One couple lost more than $500,000.00." (Am. Compl. ¶ 11.)

29. Accordingly, Plaintiff's Complaint has placed in controversy an amount well in excess of the $5,000,000 jurisdictional threshold.

30. As the legislative history to CAFA states, "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." S. Rep. No. 109-14, at 42, *reprinted in* 2005 U.S.C.C.A.N. 3, 40; *see* H. Rep. 108-144 at 37. *See also Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007); *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007).

31. Accordingly, the United States District Court for the Northern District of Ohio has original jurisdiction of this matter pursuant to 28 U.S.C. 1332(d), which sets forth the

expanded jurisdiction of the District Court under CAFA and therefore removal is proper under 28 U.S.C. § 1446.

## VENUE

32. Removal to the United States District Court for the Northern District of Ohio, Eastern Division, is proper under 28 U.S.C. § 1441 because this is the District Court of the United States and the division embracing the place where Plaintiffs' state court action is currently pending.

## REMOVAL IS TIMELY

33. This Notice of Removal is timely because it is filed within 30 days of March 30, 2012, the date HNB received notice of the Original Complaint by service of the Summons and Original Complaint. *See* 28 U.S.C. § 1446(b).

## NOTICE TO STATE COURT AND PARTIES

34. Concurrent with the filing of this Notice of Removal, a Notice of Filing of Notice of Removal is being filed with the Clerk of Courts for the Court of Common Pleas for Summit County, Ohio, as required by 28 U.S.C. § 1446(d).

35. HNB is serving each party and/or each party's respective counsel with a copy of the Notice of Removal and the Notice of Filing of Notice of Removal, as required by 28 U.S.C. § 1446(d),

36. HNB has complied with all applicable provisions of 28 U.S.C. § 1446 governing the procedure for removal.

## ADDITIONAL CONSIDERATIONS

37. No admission of fact, allegation, claim or wrongdoing is intended by this Notice of Removal, and HNB expressly reserves all defenses and motions otherwise available to it.

38. HNB reserves the right to submit additional evidence in support of the Notice of Removal, including as may be necessary to address and refute any contentions set forth in a motion to remand.

WHEREFORE, under 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Huntington National Bank removes this action from the Court of Common Pleas for Summit County, Ohio to the United States District Court for the Northern District of Ohio, Eastern Division.

    Respectfully submitted,

    /s/ Frances Floriano Goins
    Frances Floriano Goins (0018631)
    Thomas L. Anastos (0043545)
    Reem Shalodi (0081779)
    ULMER & BERNE LLP
    Skylight Office Tower
    1660 West 2nd Street, Suite 1100
    Cleveland, Ohio 44113-1448
    Telephone: (216) 583-7000
    Facsimile: (216) 583-7001
    fgoins@ulmer.com
    tanastos@ulmer.com
    rshalodi@ulmer.com

    Attorneys for Defendant Huntington National Bank

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was served by regular mail on April 27, 2012, on the following:

| | |
|---|---|
| Fifth Third Bank<br>S/A Paul L. Reynolds<br>38 Fountain Square Plaza<br>Cincinnati, OH  45263<br><br>Suntrust Bank, N.A.<br>c/o Csc Lawyers Incorporation Service<br>(Corporation Service Company)<br>50 W. Broad St., Ste. 1800<br>Columbus, OH  43215<br><br>Wachovia Bank, N.A.<br>4301 Darrow Road #1500<br>Stow, OH  44224<br><br>Belmont National Bank<br>152 North Broadway<br>New Philadelphia, OH  44663<br><br>First National Bank<br>112 West Market Street<br>Orrville, OH  44667<br><br>J.P. Morgan Chase Bank, N.A.<br>c/o C.T. Corporation System<br>1300 East Ninth Street<br>Cleveland, OH  44114 | Charter One Bank<br>1215 Superior Avenue<br>Cleveland, OH  44114<br><br>First Federal Community Bank, National Association<br>321 N. Wooster Avenue<br>Dover, OH  44622<br><br>FirstMerit Bank, National Association<br>106 South Main Street<br>Akron, OH  44308<br><br>Key Bank<br>127 Public Square<br>Cleveland, OH  44114<br><br>PNC Bank<br>249 Fifth Avenue<br>1 PNC Plaza<br>Pittsburgh, PA  15222<br><br>Daniel G. Morris, Esq.<br>P.O. Box 609192<br>4205 Woodbridge Avenue<br>Cleveland, OH 44109<br><br>*Counsel for Plaintiffs* |

/s/ Frances Floriano Goins
One of the Attorneys for Defendant Huntington National Bank

CLEV1997 1958462